**FILED**

MAR 1 2, 2007

*JH*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
Northern District of Illinois, Eastern Division

William R. Trudell,
               Plaintiff

vs.

Dorothy Brown, Clerk of the Circuit Court of
Cook County, Illinois, Clerk Ann and Clerk Jan,
Pennsylvania Higher Education Assistance
Agency, Robert E. Litwin, Nancylee M. Cline,
Mrs. Livingston, Mrs. Keach, Miss Helms, and
Sebastian T. Patti, Supervising Judge of the
1st Municipal District of the Circuit Court of
Cook County, Illinois,
               Defendants

)
)
)
)
)
)
)
)
)
)
)
)

**07CV1381**
**JUDGE BUCKLO**
**MAG. JUDGE MASON**

## COMPLAINT FOR DAMAGES AND INJUNCTION

Now comes William R. Trudell (Trudell) , Plaintiff, pro se, and states as follows:

1. This is a civil action for damages and injunction against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. The Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U. S. C. § 1343.

2. The Court also has jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship.

3. Plaintiff William R. Trudell (Trudell) is a citizen and resident of the City of Park Ridge, State of Illinois, and the United States of America.  Trudell is a six-foot-four kindergarten teacher, trained in the law, with a JD from California, but is unlicensed in Illinois, having elected to pursue a career in education, often the vital and only masculine role model for his five year old charges.

4. Defendant Dorothy Brown (Brown) was Clerk of the Circuit Court of Cook County, Illinois, at all times relevant to this Complaint.

5. Defendants Clerk Ann and Clerk Jan were employees of the Illinois Cook County Circuit Court Clerk's office at all times relevant to this Complaint. Dorothy Brown, Clerk Ann and Clerk Jan are jointly referenced herein as (the Clerk Defendants)

6. Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) is a governmental agency of the State of Pennsylvania.

7. Defendants Robert E. Litwin (Litwin), Nancylee M Cline (Cline), Mrs. Livingston (Livingston), Mrs. Keach (Keach) and Miss Helms (Helms) were employees of PHEAA, and citizens of the State of Pennsylvania at all times relevant to this Complaint. Together with PHEAA these individuals are jointly referenced herein as (the Pennsylvania Defendants).

8. Defendant Sebastian T. Patti (Judge Patti) was Supervising Judge of the 1st Municipal District of the Circuit Court of Cook County, Illinois at all times relevant to this complaint.

9. Plaintiff sues each of the defendants named in ¶ 4, 5, 7 and 8 in both their individual and official capacities.

10. At all times material to this Complaint, Defendants Brown, Clerk Ann, Clerk Jan and Judge Patti acted under color of the statutes, customs, ordinances, and usage of the State of Illinois, the County of Cook, and the 1st Municipal Division of the Cook County Circuit Court, and at all times material to this Complaint, Defendants PHEAA, Litwin, Cline, Livingston, Keach and Helms acted under the color of the statutes, customs, and usages of the State of Pennsylvania.

2

## COUNT I AGAINST THE CLERK DEFENDANTS

1.  Trudell was served with summons and appeared in the Cook County Circuit Court, Municipal Division case of The Educational Resources Institute, Inc (TERI). vs. William R. Trudell, 03-M1-141128, resulting in multiple motion phase hearings, an extensive record and appeal.   While some facts and parties in this cause are coincident with those in 03-M1-141128, this is not an appeal, and Trudell does not here seek the reversal of any circuit ruling in 03-M1-141128 or appellate ruling in The Appellate Court of Illinois, First District, No.05-3476, but only relief related to violations of due process under § 1983.

2.  Trudell filed a related third party action in M1-141128 against the Pennsylvania Defendants who were served, appeared and filed a motion to dismiss which was stayed pending Trudell's appeal as to TERI only, and not involving the Pennsylvania defendants, to the Illinois Appellate Court, First District, Case No. 05-3476.

3.  Notwithstanding Trudell's Notice of Appeal on 10-19-05, TERI thereafter filed a premature wage deduction order motion against Trudell which was granted by one of the eight different Circuit Court judges, who signed seven successive and conflicting orders under the same M1-141128 heading, which was finally vacated, but those seven months of post Notice of Appeal litigation generated seven additional orders to appeal; the need for an amended appeal; and the need for a second supplemental record.

4.  Illinois Supreme Court Rule 324, **Preparation and Certification by the Circuit Clerk of the Record on Appeal**, states in part, "The clerk of the trial court shall prepare, bind and certify the record on appeal."

5.  The Clerk Defendants failed to administer and act, as required by their offices under Illinois Supreme Court Rule 324, to properly maintain, make available and prepare an adequate record in

3

M1-141128 as requested by Trudell, who was constitutionally entitled to have access to, and to receive, such a record in an orderly and complete state, and the Clerk defendants, by failing and refusing to do so, were the proximate cause making it impossible for Trudell to prosecute his appeal which was dismissed for want of a record. The misfeasance and malfeasance of the Clerk defendants included:

a. The **inadequate preparation** of Volume 1 of 1 of the record in M1-141128 duly requested by Trudell on 1-10-06 in that it contained un-number instruments, a double numbered instrument, and instruments inserted backwards. More seriously, Volume 1 of 1 contained only the 169 of 451 instruments as shown on Exhibits A1, A2 and A3.

b. Inspection revealed serious **shortages of 282 instruments**, including nine court orders, as shown on Exhibits B1 and B2. For every 10 documents in the prepared record, more than 16 were missing. The deficiency supplied from Trudell's file, was duly noticed, motioned and court confirmed as Supplemental Record Volumes 1 and 2.

c. Despite two Illinois Appellate Court Orders of 7-28-06 for a Second Supplemental Record, covering seven months of post appeal litigation, the Clerk defendants **refused and failed to prepare such a record.**

d On 8-1-06 Trudell, in Brown's Daley Center Department, tendered a signed record request, prepared as before to pay the necessary charges, and presented Clerk Ann a copy of two Appellate Court Orders of 7-28-06 designating a need for a Second Supplemental Record. Clerk Ann deferred to Clerk Jan, who referenced Trudell's earlier supply of 282 instruments missing from Record Volume 1 of 1, and said, **"We don't have anything for a supplemental record. It is made up of copies you (Trudell) supply."** Trudell's protest that he had seen the file was to no avail.

4

e. On 8-28-06, the last day allowed for the presentation of a Second Supplemental Record, Trudell's check again in Brown's department revealed the **situation unchanged.**

f. Bound by Illinois Supreme Court Rule 303 **Appeals from Final Judgment of the Circuit Court in Civil Cases,** where ¶ (4) required him to address "in the reviewing court" the default of the Clerk defendants, Trudell did so, and so exhausted his remedies. The Illinois Appellate Court, on its own motion, vacated its own prior order for an extension of time and dismissed the appeal. That order is not here challenged. Without a record, Illinois Supreme Court appeal was impossible.

6. While the execution of the post appeal Wage Deduction Order of 2-21-06 was vacated, Trudell is yet vulnerable under a 5-11-05 judgment for $12,641.52 plus costs of suit.

7. Trudell, as a continuing resident within the jurisdiction of the Circuit Court of Cook County, is constitutionally entitled to a reformation of the procedures employed by the Clerk defendants so that he will not be subject again to the misfeasance and malfeasance, as here pleaded, where far more than fifty per cent of filed instruments mysteriously disappeared.


WHEREFORE, Plaintiff William R. Trudell demands judgment against defendants Dorothy Brown, Clerk Ann and Clerk Jan, jointly and severally, for compensatory damages in the amount of $12,641.52, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages of $12,641.52, plus costs of this action and such other relief as the court deems just and equitable.

5

WHEREFORE FURTHER, Plaintiff William R. Trudell prays that this court will issue:

1.  Preliminary and permanent injunctions enjoining and restraining Defendant Dorothy Brown from delaying the institution of a remedial procedure that will immediately reduce and eventually eliminate the loss of filed instruments. .

2.  Preliminary and permanent injunctions enjoining and restraining Defendant Dorothy Brown from delaying the institution of a remedial procedure that will immediately improve the ability and performance of the record preparation section of her department so that records for appeal may be promptly, with comprehensive accuracy, be prepared without reliance upon party or counsel to supply instruments with a detailed report of that program for both ¶ 1 and ¶ 2 to be filed with the Clerk of this Court within thirty days of the issuance of this order so that a copy of that report can be included in the record of this cause.

3.  Such other and further relief as to this Court shall seem just and equitable.

Respectfully submitted,

William R. Trudell, pro

## COUNT II AGAINST THE PENNSYLVANIA DEFENDANTS

1.  In an envelope bearing a postmark of 1-12-95, Trudell received from PHEAA a letter dated 1-6-95, Exhibit C1, confirming all three units of an October, 1991, loan on account 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 as due and outstanding to PHEAA.

2.  Thereafter, on or about a date in the last two weeks of September, 1996, the Trudell telephoned PHEAA (he believes at 1-800-233-0751) and spoke with Livingston requesting an amount to settle all three loan units.

3.  Livingston asked Trudell if he wanted to arrange a payment schedule to which Trudell responded he wanted to settle the total obligation and was given a figure in the range of $14,000.

4.  Thereafter on or about 10-9-96, Trudell initiated financial arrangements, again telephoned

PHEAA, asked for the unavailable Livingston and was referred to Keach to confirm the total amount needed to settle all three units on loan account 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 and was told it could be settled in full by sending $13, 834.23 by 11-15-96.

5.  On 11-14-96 Trudell sent a check for $13,834.23 by overnight mail.

6.  On 11-17-96 Trudell called PHEAA. Helms confirmed the receipt of the $13,834.23 payment and assured Trudell that Account 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 was paid in full.

7.  In early December, 1996, Trudell received from PHEAA a payment stub, Exhibit C2, showing $13,834.23 paid and an additional balance of $3,647.41 due by 12-22-96.

8.  Thereafter Trudell telephoned PHEAA to inquire why he was being billed when he had just made a payment of the amount quoted as needed for settlement in full, and was told by Helms to ignore the statement and that he would receive letters confirming settlement of all units of the account.

9.  Thereafter PHEAA sent to Trudell THREE successive letters over the name of Litwin on each of the THREE loan units on account 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 showing each of the THREE to be satisfied in full:

> Exhibit C3, letter of December 18,1996, showing the first unit satisfied,.
> Exhibit C4, letter of January 3, 1997, showing the second unit satisfied, and
> Exhibit C5, letter of January 16, 1997, showing the third unit satisfied.

10. After TERI sued Trudell to collect more on the same account, on 8-3-04 Trudell wrote to Mr. Richard Willey, Executive Director of PHEAA, with the foregoing evidence on the baseless claim of TERI against Trudell, seeking to resolve the matter amicably, but PHEAA chose rather not to respond, necessitating the third party action where PHEAA is inexplicably cooperating with TERI against Trudell.

11.   Quite aside from the evidence of negotiated full settlement and payment, the statute of

limitations has long since run on the 1991 account in question, and had run prior to the TERI

action.

12.   While the Pennsylvania Defendants have appeared and moved to dismiss the Third Party

Complaint in 03-M1-141128, there has been no ruling on that motion; no Answer to the Third

Party Complaint; and no allegation is at issue.


WHEREFORE, Plaintiff William R. Trudell demands judgment against defendants Pennsylvania

Higher Education Assistance Agency, Robert E. Litwin, Nancylee M. Cline, Mrs. Livingston,

Mrs. Keach, and Miss Helms, jointly and severally, for compensatory damages in the amount of

$12,641.52, and further demands judgment against each of said Defendants, jointly and severally,

for punitive damages of $12,641.52, plus costs of this action and such other relief as the court

deems just and equitable.


WHEREFORE FURTHER, Plaintiff William R. Trudell prays that this court will issue:

1.   Preliminary and permanent injunctions enjoining and restraining Pennsylvania Higher

Education Assistance Agency from denying that their own written communications confirm the

status of the Trudell Account 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 in January, 1995, and its full satisfaction in January,

1997.

2.   Such other and further relief as to this Court shall seem just and equitable.

Respectfully submitted,

William R. Trudell, pro

8

## COUNT III AGAINST DEFENDANT JUDGE SEBASTIAN T. PATTI

1. As Supervising Judge of the 1st Municipal District of the Circuit of Cook County, Illinois, Judge Patti was responsible for the conduct of all Judges, Bailiffs and Clerks in the 1st Municipal District at all times relevant to this complaint.

2. Trudell incorporates by reference all ¶ 1 to 7 of Count I as part of this Count III against Judge Patti, who was aware, or should have been aware, of the chaotic state of court records in the department headed by Defendant Brown, and is therefore equally responsible.

3. The First Municipal District of the Circuit Court of Cook County, Illinois, in 2003 opened new cases at the rate of about 1200 per court day with the vast majority of defendants, like Trudell, being pro se, but unlike Trudell, that vast majority was oblivious to the unconstitutional workings of the Assembly Line Justice to which they were subjected and which evolved into a magnet for unscrupulous collection litigation.

4. Quite aside from purely procedural matters such as alias summons, special deputy appointment, continuance and preparation of the record, Judge Patti had established, or allowed to continue, in the 1st Municipal District a system of Assembly Line Justice that remained in force at all times material to this complaint. Along that Judicial Assembly Line, under the same case caption, on the same law and facts, different judges rendered varying rulings on identical and overlapping substantive matters; created segregated islands of judicial jurisdiction; employed internal transfers, shifting venues among themselves in an attempt to compensate for inconsistencies; and usurped the Illinois Legislature by creating their own internal system appellate review. The Assembly Line Justice system impelled otherwise good judges to slip alternately into selectively deferring to other Assembly Line judges for new rulings on the one hand, and ignoring the earlier rulings of other Assembly Line judges on the other. With no challenge here, or

9

anywhere else in this complaint, to reverse the outcome of any First Municipal District ruling, Trudell noted that such selectivity usually favored plaintiffs in collection litigation. The Assembly Line Judges knew what they were doing, but accepted the Assembly Line Justice system as valid. In 03 M1-141128, Trudell has been subjected to:

    a.   NUMEROUS JUDGES  Eight Separate Judges (alphabetically) signed orders in this cause: Judge Donnelly, Judge Dunford, Judge Gilespie, Judge Healey, Judge Hynes, Judge Johnson, Judge Lustig, and Judge Rhine.  With eight judges ruling in one case it is possible that seven ruled on only procedural matters, but that did not happen in the 03 M1-141128 with Trudell.

    b.  FIVE JUDGES RULED SUBSTANTIVELY IN A SINGLE CASE  Not addressing ruling correctness or who prevailed, but only the substantive matters on which the motion rulings were made, in 03 M1-141128, alphabetically by judge:

        Judge Donnelley ruled on Wage Deduction and Sanctions

        Judge Dunford ruled on lack and presence of jurisdiction in same case.

        Judge Healey ruled on Default Judgment, Arbitration and Discovery

        Judge Hynes ruled on Strike, Default Judgment and Certification

        Judge Johnson ruled on Default Judgment, Strike, Discovery and Stay

    c.   Islands of judicial jurisdiction were reflected in Judge Dunford's order of 2-23-05 which sent one part of the case to 1501 and another part of the case to 1401.

    d.   Internal transfers, shifting venues among themselves was shown not only by Judge Dunford's order of 2-23-05, but by Judge Donnelly's order of 5-2-06 transferring to Judge Johnson, and Judge Johnson's order, also of 5-2-05, transferring to Judge Donnelly.

e.    That the legislative domain of the Illinois Legislature had been usurped was evident in

that notwithstanding after Judge Johnson entered the first stay order on 5-11-05, in

addition to an automatic second stay by a Notice of Appeal on 10-21-05, there were, over

Trudell's objection, subsequent substantive rulings by Judges Donnelly and Dunford until

Judge Donnelly specifically sought an advisory opinion of Judge Johnson who responded

with a third redundant stay that finally shut down the seven months of post Notice of

Appeal litigation to which Trudell had been subjected by the Assembly Line Justice

system.   There is no provision in either the Illinois Code of Civil Procedure or the

Supreme Court Rules which sanctions an advisory or appellate review procedure within a

district court, much less within a division of a district court.   Judicial orders are the

product of "opinion", of which two have yet to totally coincide.   Litigants must live with

that reality, but they are not to be subject to the exponential uncertainty of a succession of

individual opinions.

f.   In addition to ignoring earlier rulings of Assembly Line Justices as shown in the

foregoing paragraph, alternatively deferring to other Assembly Line judges is shown by

Judge Dunford's ruling of 2-23-06 citing "this Court's lack of jurisdiction with respect to

supplemental proceedings pending in Room 1401" indicating Judge Donnelly under the

same case caption, while both judges Dunford and Donnelly were ruling at variance with

Judge Johnson, under the same case caption.

11

g.   That the Assembly Line judges understand the irregularity of their procedures was emphasized by Trudell's request of Judge Donnelly, who was hearing supplemental proceedings, whether he was prepared to hear the several matters Trudell had motioned for hearing before Judge Johnson.  Judge Donnelly slumped back in his chair and said, "Wow, that's a loaded question."

WHEREFORE, Plaintiff William R. Trudell demands judgment against Defendant Sebastian T. Patti, for compensatory damages in the amount of $12,641.52, and further demands judgment against Defendant Sebastian T. Patti, for punitive damages of $12,641.52, plus costs of this action and such other relief as the court deems just and equitable.

WHEREFORE FURTHER, Plaintiff William R. Trudell prays that this court will issue:

1.  Preliminary and permanent injunctions enjoining and restraining Judge Sebastian T. Patti from delaying the implementation of a program that will eliminate the practice of separate judges making substantive rulings on the same case; the practice of judges seeking advisory and review opinions among themselves; the practice of judges transferring cases among themselves; and the practice of one judge hearing and ruling on a motions related to rulings of other judges.  A detailed report of such a program is to be filed with the Clerk of this Court within thirty days of the issuance of this order so that a copy of that report can be included in the record of this cause.

2.  Such other and further relief as to this Court shall seem just and equitable.

Respectfully submitted,

*William Trudell*

William R. Trudell, pro

Attorney No. 99500
William R. Trudell, pro se
713 Park Plaine Ave
Park Ridge, IL  60068
847-825-7865

12

TERI v. TRUDELL 03 M1-141128
LOG OF ORIGINAL COURT RECORD VOLUME 1 OF 1
D=Duplication of Prior Filing    TBR=To be Restored

| Rec # | Filed Date | Document Description | Number of Pages |
|---|---|---|---|
| 001 | 01-10-26 | Cover Letter | 01 |
| 002 | 06-25-03 | Half Sheet (two sides plus one side) | 02 |
| 004 | 06-25-03 | Complaint and Exhibits | 08 |
| 012 | 06-25-03 | 4 pages of Summons Documents | 04 |
| 016 | 06-25-03 | Complaint and Exhibits | 08 D |
| 024 | 08-03-03 | 10 pages of Summons Documents | 10 |
| 034 | 02-18-04 | Trudell Appearance | 01 |
| MISS | 02-18-04 | Trudell Motion to Dismiss, Section 615, Restored 04-22-04 | |
| MISS | 02-18-04 | Trudell Motion to Dismiss, Section 619, Restored 04-22-04 | |
| MISS | 02-18-04 | Trudell Notice of two above Motions, Restored 04-22-04 | |
| MISS | 02-26-04 | Order Briefing Schedule on Motions to Dismiss | 01 TBR |
| 035 | 02-27-04 | TERI Notice and Motion for Default | 01 |
| 036 | 03-16-04 | Trudell Notice and Motion to Strike 02-16-05 Filing | 03 |
| 039 | 03-16-04 | Trudell Notice and Motion to Strike 02-16-05 Filing | 03 D |
| 042 | 03-16-04 | Order For Briefing Schedule On Motion to Dismiss | 01 |
| 043 | 04-22-04 | Trudell Motion to Correct Electronic Docket | 03 |
| 046 | 03-16-04 | Order For Briefing Schedule On Motion to Dismiss | 01 D |
| 047 | 04-22-04 | Half Sheet Exhibit Attached to Electronic Docket Motion | 01 |
| 048 | 04-22-04 | Trudell Motion For Default For Failure To Respond | 01 |
| 049 | 04-22-04 | Trudell Notice of Four Motions | 01 |
| 050 | 04-22-04 | Trudell Motion To Restore The Record | 07 |
| 057 | 04-22-04 | Trudell Motion to Dismiss Based on Faulty Certification | 01 |
| 058 | 04-27-04 | TERI Notice and Response to 619 Motion to Dismiss | 14 |
| 072 | 04-27-05 | TERI Notice and Response to Correct Electronic Docket | 03 |
| 075 | 04-27-04 | TERI Notice and Response to 615 Motion to Dismiss | 04 |
| 079 | 04-27-04 | TERI Notice & Response/ Faulty Summons Verification | 03 |
| 082 | 04-27-04 | TERI Notice & Response/ Default for Failure to Respond | 04 |

**Exhibit A1 Only 169 instruments in Volume 1 of 1 that should have 451    Page 4**

TERI v. TRUDELL 03 M1-141128
LOG OF ORIGINAL COURT RECORD VOLUME 1 OF 1
D=Duplication of Prior Filing    TBR=To be Restored

| Rec # | Filed Date | Document Description | Number of Pages |
|-------|-----------|---------------------|-----------------|
| 086 | 04-27-04 | TERI Notice & Response/ Motion to Restore Documents | 03 |
| 089 | 04-27-04 | Order Hearing on Six Motions Continued to 06-29-04 | 01 |
| 090 | 06-29-04 | Trudell Composite Reply to TERI Responses | 02 |
| 092 | 06-29-04 | Trudell Notice of "Foregoing Motion | 01 |
| 093 | 07-29-04 | Order Trudell denied all motions except to restore record | 01 |
| 094 | 08-03-04 | Trudell Jury Demand | 01 |
| 095 | 08-03-04 | Trudell Notice on Motion For Substitution and Answer | 01 |
| 096 | 08-03-04 | Trudell Verified Answer and Counterclaim | 16 |
| 112 | 08-03-04 | Trudell Motion For Substitution of Judge as Right | 01 |
| 113 | 08-26-04 | Order to Plead 28 days; Status on 10-07-04 | 01 |
| 114 | 10-07-04 | Trudell Notice of two Status Reports | 01 |
| 115 | 10-07-04 | Status Report to Judge Relieved | 03 |
| 118 | 08-03-04 | Trudell Notice on Motion For Substitution and Answer | 01 D |
| 119 | 10-07-04 | Status Report To New Judge Appointed | 02 |
| 121 | 10-07-04 | Order Hearing on 11-09-04; Plaintiff 14 days to Respond | 01 |
| 122 | 10-07-04 | Six Summons Served on PA Defendants Filed | 06 |
| 128 | 10-07-04 | Trudell Notice of two Status Reports | 01 D |
| 129 | 10-07-04 | Status Report to Judge Relieved | 03 D |
| 132 | 08-03-04 | Trudell Notice on Motion For Substitution and Answer | 01 D |
| 133 | 10-07-04 | Status Report To New Judge Appointed | 02 D |
| 135 | 10-07-04 | Order Hearing on 11-09-04; Plaintiff 14 days to Respond | 01 D |
| 136 | 10-21-04 | TERI Response to Motion For Substitution as Right | 03 |
| 139 | 11-09-04 | Trudell Brief in Support of Substitution as Right | 02 |
| 141 | 11-09-04 | Trudell Notice on foregoing Brief | 01 |
| MISS | 11-09-04 | Order Transfer to Room 1501 | 01 TBR |
| 142 | 12-07-04 | Trudell Motion For Default Against PHEAA defendants | 01 |
| 143 | 12-07-04 | Trudell Notice of Default Judgment to six PHEAA D's | 01 |

LOG of Record of Volume 1 of 1 Total Volumes in TERI v TRUDELL 03 M1-141128          2

**Exhibit A2 Only 169 instruments in Volume 1 of 1 that should have 451     Page 4**

TERI v. TRUDELL 03 M1-141128
LOG OF ORIGINAL COURT RECORD VOLUME 1 OF 1
D=Duplication of Prior Filing   TBR=To be Restored

| Rec # | Filed Date | Document Description | Number of Pages |
|-------|-----------|---------------------|-----------------|
| MISS | 12-14-04 | Order Discovery Closure and Arbitration | 01 TBR |
| MISS | 12-14-04 | Order of Default Judgment for Trudell Against PHEAA | 01 TBR |
| 144 | 01-06-05 | PHEAA Notice and Motion to Vacate Default Judgment | 20 |
| 164 | 01-14-05 | Trudell Notice and Interrogatories to TERI | 07 |
| 171 | 01-14-05 | Trudell Response to PHEAA w/no objection to vacating | 09 |
| 180 | 01-14-05 | Trudell Motion/ Amend Caption to 3rd Party for Countercl. | 01 |
| 180B | 01-21-05 | PHEAA Counsel Appearance | 01 |
| 181 | 01-21-05 | Order PHEAA motion to vacate and appear granted | 01 |
| MISS | 02-05-05 | PHEAA Notice & Motion/ Dismiss Third Party Complaint | 27 TBR |
| 182 | 02-23-05 | Order #1 TERI to Respond to Interrogatories by 03-11-05 | 01 |
| 182B | 02-23-05 | Order #2 Upon receipt of Answers to Interrogatories by | |
| | | 03-11-05, Trudell to Respond to PHEAA Motion by 3/25 | 01 |
| MISS | 03-18-05 | Trudell Notice & Mot to Dismiss/ Failure to Ans Interrogatories | 04 TBR |
| 183 | 03-30-05 | Order TERI to Respond to Interrogatories in 14 days | 01 |
| 184/85 | 04-06-05 | Trudell Motion to Extend Discovery | 01 |
| 186 | 04-06-05 | Notice on foregoing Motion | 01 |
| MISS | 04-08-05 | PHEAA Request to Admit Facts and Genuineness | 08 TBR |
| MISS | 04-08-05 | PHEAA Request to Admit Facts and Genuineness | 08 TBR |
| MISS | 04-08-05 | PHEAA Request For Production of Documents | 08 TBR |
| 187 | 04-11-05 | Order Briefing Schedule on PHEAA Motion To Dismiss | 01 |
| 188 | 10-19-05 | Trudell Notice of Appeal | 02 |
| 190 | 10-25-05 | Request of Trial Court Record | 01 |
| 191 | 01-10-06 | Record Certification | 01 |

(In addition to the 51 TBR documents noted above, which are to be restored, between 04-11-05 and 10-19-05 there were 231 additional missing documents missing which have been restored as more fully set out on a separate schedule listing the total of 51 + 231 = 282 missing documents.)

LOG of Record of Volume 1 of 1 Total Volumes in TERI v TRUDELL 03 M1-141128          3

TERI v TRUDELL 03 M1-141128
FILED DOCUMENTS IN 03 M1-141128 MISSING FROM THE OFFICIAL RECORD
TERI is Plaintiff; Trudell is Defendant and 3rd Party Plaintiff; PHEAA is 3rd Party Defendant
Instruments tendered for replacement are dated copies from Trudell's personal file.

| Doc.# | Filed Date | Document Description | Number of Pages |
|-------|-----------|--------------------|-----------------|
| 193 | 02-26-04 | Order Motion to Dismiss Briefing Schedule | 01 |
| 194 | 11-09-04 | Order Transfer to Courtroom 1501 | 01 |
| 195 | 12-14-04 | Order Discovery Closure and Arbitration | 01 |
| 196 | 12-14-04 | Order of Default Judgment for Trudell against PHEAA | 01 |
| 197 | 02-05-05 | PHEAA Notice and Motion to Dismiss Third Party Complaint | 27 |
| 224 | 03-18-05 | Trudell Ntc and Mot to Dismiss For Failure to Answer Interrogatories. | 04 |
| 228 | 04-08-05 | PHEAA Request to Admit Fact and Genuineness | 08 |
| 236 | 04-08-05 | PHEAA Request For Production of Documents | 08 |
| 244 | 04-11-05 | TERI Response to Interrogatories | 07 |
| 251 | 04-27-05 | Trudell Response to Third Parties' Motion to Dismiss | 12 |
| 263 | 05-04-05 | Trudell Notice, Response four Motions | 07 |
| 270 | 05-04-05 | PHEAA Parties' Reply in Support of their Motion to Dismiss | 09 |
| 279 | 05-11-05 | Trudell Brief to show state laws not applicable beyond sovereign borders | 10 |
| 289 | 05-11-05 | Order #2 granting TERI summary judgment | 01 |
| 290 | 05-11-05 | Order #1 granting PHEAA Motion to Dismiss and leave to amend | 01 |
| 291 | 06-07-05 | Trudell blanket notice and Motion to Strike Never Filed Ghost Motion | 03 |
| 294 | 06-07-05 | Trudell Motion to Reconsider Order #1 (PHEAA) of 05-11-05 | 03 |
| 297 | 06-07-05 | Trudell Motion to Reconsider Order #2 (TERI) of 05-11-05 | 03 |
| 300 | 06-07-05 | Trudell Motion to Dismiss under Section 619 | 02 |
| 302 | 06-07-05 | Trudell Verified Affidavit in Support of Four Motions | 09 |
| 311 | 06-07-05 | Trudell Motion to Amend Paragraph 14 of the Third Party Complaint | 03 |
| 314 | 06-22-05 | PHEAA Notice of Motion to present Motion to Dismiss on 07-16-05 | 03 |
| 317 | 06-22-05 | PHEAA Motion To Dismiss Amended Complaint | 94 |
| 411 | 06-30-05 | PHEAA Notice and Supplemental Filing on their Motion to Dismiss | 08 |
| 419 | 07-19-05 | Trudell Notice and Motion for Summary Judgment | 03 |
| 422 | 07-19-05 | Trudell Response to Motion to Dismiss Amended Complaint | 02 |
| 424 | 07-26-05 | Order with Briefing Schedule on Trudell's 06-07-05 Motions | 01 |

TERI v TRUDELL 03 M1-141128
FILED DOCUMENTS IN 03 M1-141128 MISSING FROM THE OFFICIAL RECORD
TERI is Plaintiff; Trudell is Defendant and 3rd Party Plaintiff; PHEAA is 3rd Party Defendant
Instruments tendered for replacement are dated copies from Trudell's personal file.

| Doc.# | Filed Date | Document Description | Number of Pages |
|---|---|---|---|
| 425 | 08-16-05 | PHEAA Notice and Motion to Strike Trudell Affidavit | 06 |
| 431 | 08-16-05 | PHEAA Response to Reconsider Order #1 of 05-11-05 & Sanctions Mot. | 13 |
| 444 | 08-16-05 | PHEAA Reply in Support of 3rd Parties' Motion to Dismiss Am. Compl. | 04 |
| 448 | 08-31-05 | Trudell Notice and Reply to Response in Opposition of Order #1 Recons. | 06 |
| 454 | 08-31-05 | Trudell Motion to Strike Motion to Strike Affidavit of William R. Trudell | 03 |
| 457 | 08-31-05 | Trudell Motion For Leave To Add One Line To The Face Of Complaint | 01 |
| 458 | 08-31-05 | Trudell Motion For Leave To File One Day Late | 01 |
| 459 | 09-16-05 | TERI Notice and Mot. to Strike Mot. to Strike Never Filed Ghost Motion | 02 |
| 461 | 09-16-05 | TERI Notice & Response to Motion to Reconsider Order #2 of 05-11-05 | 03 |
| 464 | 09-22-05 | Order PHEAA Strike of Trudell Affidavit Denied; Reconsideration | |
| | | of Order #1 Denied; Trudell granted 21 days to file Amended Complaint | 01 |
| 465 | 09-22-05 | Order Reconsideration of Order #2 Denied; Trudell's Motion to | |
| | | Strike Ghost Motion and Summary Judgment Denied; No Reason to | |
| | | Delay Appeal; TERI excused from further appearances | 01 |
| 466 | 10-19-05 | Trudell Notice & Verified Second Amended Third Party Complaint | 07 |
| 473 | 10-19-05 | Trudell Motion For Leave to File Late | 01 |
| 474 | 10-19-05 | Trudell Notice of Filing of Notice of Appeal | 01 |

| ORIGINAL RECORD | | | SUPPLEMENTAL RECORD | |
|---|---|---|---|---|
| Total Page Numbers | 191 | | Total Page Numbers | 475 |
| Less Cover and Certificate | -002 | | Less Cover and Certificate | -002 |
| Less double imprint 184/185 | -001 | | Less numbers Original Record | -191 |
| Add two un-number documents | +002 | | | |
| Less duplicate documents | -021 | | | |
| Total Original Record Docs | 169 | | Total Supplemental Record Docs | 282 |

| FOR EVERY TEN DOCUMENTS | SUPPLEMENTAL RECORD MADE UP OF | |
|---|---|---|
| IN THE ORIGINAL RECORD | PHEAA documents | 180 |
| THERE WERE MORE THAN | Trudell documents | 081 |
| SIXTEEN DOCUMENTS MISSING. | TERI documents | 012 |
| | 9 Court Orders | 009 |
| 282/169 = 1.669 x 10 = 16.69 missing | Total Supplemental Documents | 282 |

**Exhibit B2 282 instruments missing from Volume 1 of 1**                     **Page 4**

# G, aduateLoan Center
### A DIVISION OF PHEAA

P.O. Box 8155, Harrisburg, PA 17105-8155 · 1-800-446-8210

01/06/95

WILLIAM R TRUDELL                                    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
713 PARK PLAINE AVE
PARK RIDGE, IL  60068-2221


Dear Borrower:

The following information pertains to your loans(s) which is/are being
serviced by the GraduateLoan Center (formerly the LawUnit).  The
information is a summary of activity from 01/01/94 through 12/31/94.
Please note the "Principal Paid" and "Interest Paid" columns reflect
payments made by you as the borrower and do not include lender or school
payments.

| LOAN TYPE/ OWNER | CODE | PRINCIPAL PAID | INTEREST PAID | OUTSTANDING BALANCE | ACCOUNT STATUS |
|---|---|---|---|---|---|
| Federal Stafford/Consolidation Loan | | | | | |
| Society Nat'l Bk | KT | $0.00 | $0.00 | $0.00 | Defaulted |
| Federal SLS | | | | | |
| Society Nat'l Bk | WH | $0.00 | $0.00 | $0.00 | Defaulted |
| LAL/BEL/BAL/Private Loan Consolidation | | | | | |
| Society Nat'l Bk | KW | $0.00 | $0.00 | $0.00 | Defaulted |

If you have any questions or need additional information, please contact
us at the address or telephone number shown above.  Representatives are
available Monday through Friday 8:00 A.M. to 8:30 P.M. and Saturday
8:00 A.M. to 4:00 P.M. ET.


**Exhibit C1 Confirming all three units of a 1991 loan**                **Page 6**

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY
PO BOX 1463, HARRISBURG, PENNSYLVANIA 17105-1463
TOLL-FREE 1-800-233-0751

FEDERAL FAMILY HIGHER EDUCATION ASSISTANCE AGENCY
PO BOX 1463, HARRISBURG, PENNSYLVANIA 17105-1463
TOLL-FREE 1-800-233-0751

ACCOUNT
NUMBER:          **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**

MINIMUM
PAYMENT EXPECTED          **$150.00**

DUE DATE          **12/22/96**

| | BILLING DATE | DUE DATE | TOTAL AMOUNT DUE | MINIMUM PAYMENT EXPECTED |
|---|---|---|---|---|
| | **12/08/96** | **12/22/96** | **$3,647.41** | **$150.00** |

KEEP THIS PORTION FOR YOUR RECORDS

RETURN LARGE STUB AND CHECK TO
          P.H.E.A.A.

INCLUDE ACCOUNT NUMBER ON CHECK

➡ DETACH HERE

**11341608366600000001500000000000000000000000008**

AMOUNT
LAST PAYMENT          **$13,834.23**

DATE LAST
PAYMENT
RECEIVED          **11/15/96**

TOTAL
AMOUNT DUE          **$3,647.41**

MAKE CHECK
PAYABLE
TO
P.H.E.A.A.

**WILLIAM R. TRUDELL
713 PARK PLAINE AVE
PARK RIDGE, IL 60068-2221**

**963435617**

□ CHECK BOX AND USE REVERSE SIDE FOR NAME AND/OR ADDRESS CHANGES

**Exhibit C2 Stub of Dec 1996 showing $13,834.23 payment**

Page 7

*PHEAA*

*Creating Access to Education*

December 18, 1996

William R. Trudell                          Re: Account# 341608366
713 Park Plaine Ave
Park Ridge, IL 60068 2221

Dear Borrower:

This letter is in regards to the above-referenced defaulted student loan account previously held by the Pennsylvania Higher Education Assistance Agency (PHEAA).

Upon receipt of your most recent payment, your account was considered satisfied.

Thank you for meeting your contractual obligation to the Commonwealth of Pennsylvania.

                                        Robert E. Litwin
                                        Manager
                                        Default Collections
711:DPIFV

**Exhibit C3 Letter of Dec 18, 1996 showing first unit satisfied**          **Page 7**

9635300142

Pennsylvania Higher Education Assistance Agency
1200 North Seventh Street · Harrisburg, Pennsylvania 17102-1444

*PHEAA*
*Creating Access to Education*

January 3, 1997

William R. Trudell                           Re: Account# 341608366
713 Park Plaine Ave
Park Ridge, IL 60068 2221

Dear Borrower:

This letter is in regards to the above-referenced defaulted student loan account previously held by the Pennsylvania Higher Education Assistance Agency (PHEAA).

Upon receipt of your most recent payment, your account was considered satisfied.

Thank you for meeting your contractual obligation to the Commonwealth of Pennsylvania.

                              Robert E. Litwin
                              Manager
                              Default Collections

646:DPIFV

**Exhibit C4 Letter of Jan 3, 1997 showing second unit satisfied**      **Page 7**

9700300412

*PHEAA*

*Creating Access to Education*

January 16, 1997

Re: Acct#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

William R. Trudell
713 Park Plaine Ave
Park Ridge, IL 60068-2221

Dear Borrower:

This letter is in regards to the above-referenced defaulted student loan account previously held by the Pennsylvania Higher Education Assistance Agency (PHEAA).

Upon receipt of your most recent payment, your account was considered satisfied.

Thank you for meeting your contractual obligation to the Commonwealth of Pennsylvania.

Robert E. Litwin
Manager
Default Collections

EXT:DYF

**Exhibit C5 Letter of Jan 16, 1997 showing third unit satisfied**     **Page 7**

9701600156

Pennsylvania Higher Education Assistance Agency
1200 North Seventh Street · Harrisburg, Pennsylvania 17102-1444